166 F.3d 350
 98 CJ C.A.R. 6290
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Terry WRIGHT, Defendant-Appellant.
 No. 97-3316.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1998.
 
 Before SEYMOUR, Chief Judge, BRORBY and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1.9.
 
 
 3
 Defendant Terry Wright pled guilty to a federal felony and was sentenced on October 20, 1997. He appeals the district court's determination that in addition to serving 15 months in prison, he must pay a special assessment of $100. We affirm.
 
 
 4
 Mr. Wright contends the district court erred in ordering him to pay a special assessment of $100, contending he should only have been required to pay a special assessment of $50 as set out in U.S.S.G. § 5El.3, comment., backg'd (1995). Because he did not raise this issue below, we review the claimed error under the plain error standard. See United States v. Janusz, 135 F.3d 1319, 1322 (10th Cir.1998).
 
 
 5
 The government responds that the district court did not err at all, much less commit plain error. The government is correct. The special assessment for individual federal felons is prescribed by 18 U.S.C. § 3013(a)(2)(A), which was amended effective April 24, 1996, to raise the assessment from $50 to $100. See Antiterrorism Act of 1996, Pub.L. No. 104-132, § 210, 110 Stat. 1214, 1240 (1996). The relevant sentencing guideline, U.S.S.G. § 5El.3, provides: "A special assessment must be imposed on a convicted defendant in the amount prescribed by statute." As the government points out, the commentary to the 1995 version of section 5E1.3 was simply restating the then-existing version of 18 U.S.C. § 3013, which provided for a $50 assessment before it was amended. The amended version of the statute clearly covers Mr. Wright.
 
 
 6
 We AFFIRM the judgment and sentence of the district court which includes a $100 special assessment.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3